UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:06-CR-338 |
| Plaintiff, | : | |
|  | : | OPINION & ORDER |
| vs. | : | |
|  | : | [Resolving Doc. Nos. 543, 544, 545] |
| LUIS RAMOS, MARVIN PYLE, and WILLIAM HORTON, | : | |
|  | : | |
| Defendants. | : | |
|  | : | |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Under Rule 60(b)(3) of the Federal Rules of Civil Procedure, Defendants William Horton, Marvin Pyle, and Luis Ramos ("Horton," "Pyle," and "Ramos," respectively) move to vacate the Court's judgment against them. [Docs. 545, 543, and 544.] The Government opposes Defendants' identical motions. [Doc. 547.] For the reasons stated below, the Court **DENIES** Defendants' motions to vacate judgment.

I. Background

On July 6, 2006, a federal grand jury indicted the Defendants, and numerous other individuals, on drug trafficking charges. [Doc. 28.] Defendants Horton, Pyle, and Ramos all pled guilty to conspiracy to distribute and to possess with intent to distribute cocaine, pursuant to written plea agreements. Defendant Horton pled guilty on September 29, 2006, Defendant Pyle pled guilty on October 13, 2006, and Defendant Ramos pled guilty on November 2, 2006. [Docs. 229, 255, and 318.] The plea agreements each contained a "Waiver of Appeal, Defenses, and Collateral Attack

-1-

Case No. 1:06-CR-338
Gwin, J.

Rights" section. *Id.* Pursuant to this section, each of the Defendants waived his right to challenge his "conviction or sentence collaterally through a post-conviction proceeding, including a proceeding under 28 U.S.C. § 2255." *Id.* As stated in the plea agreement, the Defendants waived their right to challenge their convictions, except for claims of ineffective assistance of counsel or prosecutorial misconduct. Subsequently, Defendants Horton, Pyle, and Ramos were sentenced by this Court. [Docs. 420, 452, and 474.]

On August 16, 2007, Defendants Pyle and Ramos filed identical motions to set aside their judgments pursuant to Federal Rule of Civil Procedure 60(b)(3). [Docs. 543, 544.] On August 22, 2007, Defendant Horton also filed an identical motion to vacate his criminal judgment pursuant to Fed. R. Civ. P. 60(b)(3). [Doc. 545.] On August 24, 2007, the Government filed a combined opposition to Defendants' motions to set aside judgment. [Doc. 547.]

## II. Discussion

Defendants Horton, Pyle, and Ramos argue that Fed. R. Civ. P. 60(b) provides a vehicle by which a defendant in a criminal case can petition this Court to vacate sentence. This Court disagrees.

Rule 60(b) establishes that, upon motion, "the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding" in six specific situations. Fed. R. Civ. P. 60(b). Rule 60(b)(3) grants a court the authority to relieve a party from a judgment where "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party" exists. Fed. R. Civ. P. 60(b)(3).

However, Rule 60(b) only applies to civil actions; it does not apply to criminal cases. *See United States v. Diaz,* 79 Fed. App'x. 151 (6th Cir. 2003); *United States v. Charles,* 37 Fed. App'x. 758 (6th Cir. 2002). Fed. R. Civ. P. 1 provides that these rules apply to "suits of a civil nature."

Case No. 1:06-CR-338
Gwin, J.

Fed. R. Civ. P. 1. The Federal Rules of Criminal Procedure control criminal proceedings. Fed. R. Crim. P. 1. Criminal defendants may raise Rule 60(b) motions to challenge civil judgments in 28 U.S.C. § 2255 proceedings, but the Defendants have not filed petitions under § 2255. Thus, there is no habeas decision for the Court to review by means of the Rule 60(b) motion. Also, these Defendants may well have waived any ability to bring habeas actions save regarding claims of prosecutorial misconduct or ineffective assistance of counsel. Simply put, Rule 60(b) does not provide for relief from criminal case judgments.

Additionally, even if this Court had jurisdiction to consider a Fed. R. Civ. P. 60(b) motion in this criminal case, the motion would nevertheless fail because the Defendants waived their right to collaterally challenge their convictions in their written plea agreements. [Docs. 229, 255, and 318.] The plea agreements prevent the Defendants from bringing 28 U.S.C. § 2255 petitions unless they can show ineffective assistance of counsel or prosecutorial misconduct. This Court, therefore, lacks jurisdiction to provide Rule 60(b) relief in this criminal matter.

### III. Conclusion

For these reasons, the Court **DENIES** Defendants' motions to vacate judgment.

IT IS SO ORDERED.

Dated: September 4, 2007          s/   *James S. Gwin*
                                  JAMES S. GWIN
                                  UNITED STATES DISTRICT JUDGE